

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 18, 2020

The Honorable David H. Hennessy
Chief United States Magistrate Judge
District of Massachusetts
Donohue Federal Building, Courtroom 1
595 Main Street
Worcester, Massachusetts 01608

　　　　　Re:　　*United States v. Zaosong Zheng*, 20-cr-10015-DJC

Your Honor:

　　　　The parties appeared before the Court on February 14, 2020, to be heard on defendant Zheng's motion to reconsider detention (*Zheng* 20-cr-10015-DJC, D. Mass. Docket at 60-61).

　　　　The Court heard argument from the parties and took the matter under submission. The Court found that there were two circumstances that defendant Zheng presented in support of his motion to reconsider detention or reopen the detention hearing: that he had retained counsel and that his family had come up with more money for bond. The Court directed the parties to submit legal authority by close of business on February 18, 2020, on the issue of whether these constituted changed circumstances warranting a reopening of the detention hearing.

　　　　In a case that bears a striking similarity, the First Circuit held that denial of a motion to reopen a detention hearing was appropriate.

　　　　In *United States v. Dillon*, 938 F2d 1412 (1st Cir. 1991), following an evidentiary hearing on the matter of detention, the defendant was detained. He then retained new counsel and moved to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). The defendant submitted:

> 18 affidavits from those who knew appellant, including statements from appellant's father, a police officer, persons who had employed appellant as a painter and friends of appellant and his family. [These] affidavits [ended] with the assertion that the affiant is sure that [defendant], if released, would pose no danger to the community and would return to court when ordered. There also [were] seven letters appended to the motion to

reopen.  These letters, including one from a pastor and one from appellant's former hockey coach, generally [attested] to defendant's good character.
[Defendant's] father offered to post his three-family house as security; the fair market value of the property, according to appellant's father, is $200,000 . . .

The district court denied the motion.  It rejected appellant's contention that the letters and affidavits were "information ... not known to the movant at the time of the hearing" because the letters and affidavits themselves were not in existence at the time of the hearing.  Rather . . . appellant had had sufficient time to obtain the affidavits and letters, or to arrange for the personal appearance of any witnesses. The first hearing, held on April 4, occurred nine days after appellant's arrest and the April 12 appeal was heard 17 days after arrest. We also note, in this context, that the government points out (and appellant does not dispute) that "numerous relatives and friends" of appellant had shown up for the hearing originally scheduled for April 1, 1991, lending support to the court's finding that the *information* contained in the affidavits and letters was indeed available to appellant at the time of the hearing.

*United States v. Dillon*, 938 F2d 1412, 1415 (1st Cir. 1991).

Relying in part on the reasoning in *Dillon*, this Court denied a similar motion to reopen a detention hearing under § 3142(f), in *United States v. Mateo Soto*, 2017WL3705797 (D. Mass. 2017).  In *Mateo Soto*, as in *Dillon*, the defendant had offered to post additional bond (in both cases real property) that was not offered at the initial detention hearing.  This Court, as the First Circuit did, found that the defendant's motion failed "to establish that the property he [proposed] as security for an appearance bond could not have been proposed to support release at the original hearing . . . to say more would be speculation." *Id*. at 2.

Here, as in *Dillon* and *Mateo Soto*, defendant Zheng has failed to present any information that was nonexistent at the time of the initial hearing on December 16, 2019, let alone any information that materially impacts the Court's conclusion that Zheng poses a serious risk of flight.

                                    Respectfully submitted,

                                    ANDREW E. LELLING
                                    United States Attorney

                    By:    */s/ Ben Tolkoff*
                          BENJAMIN TOLKOFF
                          Assistant United States Attorney