# Zalkind Duncan & Bernstein LLP
ATTORNEYS AT LAW

Norman S. Zalkind
David Duncan
also member of PA Bar
Inga S. Bernstein
Rachel Stroup
Emma Quinn-Judge
Monica R. Shah
also member of NY Bar
Naomi R. Shatz
also member of NY Bar

David A. Russcol
also member of NY & DC Bars
Ana Muñoz
also member of NY & NJ Bars

OF COUNSEL:
Elizabeth A. Lunt
Ruth O'Meara-Costello
Harvey A. Silverglate

(Filed via ECF only)
Hon. David H. Hennessey
Chief United States Magistrate Judge
District of Massachusetts
Donohue Federal Building
595 Main Street
Worcester, MA 01608

February 18, 2020

RE: *United States v. Zaosong Zheng,* Docket No. 20-cr-10015-DJC

Dear Magistrate Judge Hennessey,

    The court, after hearing argument last Friday on whether to reconsider detention (which the court is considering to be a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)) asked for letter briefing on whether the information offered by the defendant qualified as "information . . . not known to the defendant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the presence of such person as required . . . ."

    The First Circuit case cited by the government, *United States v. Dillon,* 938 F.2d 1412 (1st Cir. 1991), supports that a proposal to increase bail is a material consideration and one that can be offered after the conclusion of a detention hearing. While agreeing that the decision to reopen (which discussed only the affidavits of relatives and community members as evidence that the defendant could have presented originally, 938 F.2d at 1415, but not the offered increased security) was proper, the First Circuit still reached the merits of detaining the defendant in light of his proposal that his father would post bail in the form of his house. The court concluded that "although it is a close question" the fact that the defendant was part of a drug organization that could "absorb the loss" of the proposed bail was sufficient to support detention. The court also explicitly alluded to the statutory presumption against release in Dillon's case, which is not present in this case. However, the court did not suggest that the *offer* of bail, which was not made in the initial detention hearing, was not properly considered on the issue of risk of flight (and in the First Circuit's eyes, rendered it "a close question").

    In other circuits, courts have construed section 3142(f)'s requirement that the proposed new evidence be "not known at the time of the [original] hearing" to allow consideration of proposed new evidence unless the moving party showed "a complete lack of diligence." *United*

*States v. Bills,* 2019 WL 1901643 (M.D. Tenn., April 29, 2019) at *5, citing *United States v. Tommie*, 2011 WL 2457521 (D. Ariz., June 20, 2011) at *4. The court in *Tommie* noted the important principles that would be thwarted by a too-high standard for reconsideration: "public safety or individual liberty interests might be jeopardized if the standard to reopen a person's release or detention were too high." *Id.*

Taken together, the First Circuit's willingness in *Dillon* to consider the offer of bail made after the initial detention hearing on its merits and the strong liberty interest at stake here for Mr. Zheng, acknowledged by the court in *Tommie,* support reconsideration of the detention order in this case. The Court acknowledged, even in detaining him, that it was "an extremely close call" (12/30 Detention Hearing at p. 41). The changes in calculus raised by (a) the increased offer of bail, (b) the guideline range of 0-6 months applicable to Mr. Zheng under the indictment and the prospect of detention for well over 6 months, (c) the decision of his wife's family, not only to offer bail substantially higher than, and in addition to, what the family's local friend (the "uncle") has posted (so there would now be two sources of the bail posting), but also to hire the undersigned and make that additional financial commitment to seeing the case through,[1] the extremely close call the Court made on December 30 should be reconsidered.

Respectfully submitted,

/s/ David Duncan

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on this date.

/s/ David Duncan

---

[1] The court asked for any authority that retaining counsel could constitute "changed circumstances" and I have found no case discussing it. The argument, however, in regard to risk of flight, is that *any* additional financial commitment, in a case like this where the defendant has likely served any sentence he might receive if convicted, should be put on the balance of whether the defendant is likely to flee or to remain.