UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | )   Docket No. 20-10015-DJC |
| | ) |
| ZAOSONG ZHENG, | ) |
| | ) |
| Defendant. | ) |

MOTION TO MODIFY PROTECTIVE ORDER

The Defendant moves to modify the Protective Order (Doc. No. 71) currently governing the discovery provided by the government. The Protective Order currently prohibits counsel from providing a copy of discovery to the defendant. The defendant at this time asks this court only to modify the Order so as to allow the defendant to have a copy of the discovery.

Counsel assented to the Protective Order before seeing any discovery and made it clear to the government that they might seek to modify the Order based on reviewing it. Having now reviewed everything thus far provided by the government, it is clear that there is nothing proprietary or sensitive in any of it.[1] As set forth in pleadings before the District Court (Docket No. 84), the discovery in fact shows that the materials at issue in this case are *not* of any commercial value, and to the extent that there may be some reason to keep the nature of the materials confidential, there is nothing in the discovery that reveals anything about those

---

[1] Copies of certain 302 Interview Reports have already been provided to the court under seal as exhibits to No. 71. The full package of discovery, except for recordings of calls made by the defendant while he was held at Wyatt, will be filed under seal for the Court's review. The call files are voluminous and the calls are likely in Mandarin and largely between the defendant and his wife. The only arguably sensitive information defense counsel has seen in this package is the names of people who entered and exited the defendant's lab on December 8, 2019 (Ex. 5). The modification requested would not make that information public, and the defendant knows who his fellow lab workers are.

materials, other than that they are cell lines from mice, some of which have been genetically modified. The defendant, who worked on these cell lines, knows that information already.

Aside from the lack of a need to protect the information provided in discovery, there is a current pressing reason why the defendant should be allowed to have a copy of it. The current pandemic has caused counsel to close their office.  All attorneys and staff are working remotely. The mayor, the governor and the president have all urged people to avoid unnecessary travel. Requiring the defendant to travel to counsel's office means requiring counsel also to travel, and to open the office, exposing the defendant and counsel to unnecessary risk. Both of defendant's attorneys are in a high-risk category if they contract the virus.

It is critical that the defendant be able to carefully review the discovery in this case to assist counsel in preparing a defense. The defendant understands the science underlying this case and can aid counsel in understanding it. The defendant is critical to counsel's investigation of the case. He is currently on house arrest and cannot travel. Having a copy of the discovery at his apartment will enable him to assist counsel. There is no reason to restrict access as the Protective Order currently does.[2]

Wherefore, the defendant requests that the court modify the Order to allow counsel to provide him with a copy of discovery for his review.

> Respectfully submitted,
> By his attorneys,
>
> /s/ David Duncan

---

[2] In an email responding to defense counsel's request to confer, Mr. Tolkoff stated that his response could be deemed our conference and he stated he would object to allowing the defendant to have copies of the discovery, in part on the grounds that upcoming disclosure of the contents of the defendant's phone and laptop may contain "contraband, i.e. stolen research." To the extent that the government can point to specific discovery that it considers "contraband" that can be considered on an individual basis. Leaving aside whether "stolen research" constitutes "contraband" in the sense the government appears to use it, there is no "stolen research" in the discovery provided thus far, and there is no reason to maintain the prohibition on the defendant as to that discovery.  Going forward, the government is free to point to specific items of discovery as warranting the extraordinary measure of preventing the defendant from having a copy to review.

Norman S. Zalkind (BBO #538880)<br>
David Duncan (BBO #546121)<br>
Inga S. Bernstein (BBO #627251)<br>
Zalkind Duncan & Bernstein LLP<br>
65a Atlantic Avenue<br>
Boston, MA 02110<br>
(617) 742-6020<br>
dduncan@zalkindlaw.com

Dated: March 25, 2020

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2) the undersigned certifies that counsel have conferred with the attorney for the government in an attempt to narrow the issues.

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on this date.

/s/ David Duncan