UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ZAOSONG ZHENG, )<br>)<br>)<br>Defendant )<br>)<br>_____ ) | Criminal No. 20-10015-DJC |

**REPORT AFTER INTERIM STATUS CONFERENCE**
**PURSUANT TO LOCAL RULE 116.5(b)**

April 13, 2020

Hennessy, M.J.

Defendant is charged in an indictment with one count of Smuggling Goods from the United States, in violation of 18 U.S.C. § 554; and one count of False Statements, in violation of 18 U.S.C. § 1001(a)(2). Defendant was arraigned on January 31, 2020. I held an interim status conference on April 13, 2020 in Worcester which counsel attended by telephone. On the basis of the conference, I report as follows:

**Local Rule 116.5(b)(1) through (4)**

The United States reports that it produced automatic discovery on February 28, 2020. It is producing today data recovered from electronic devices seized in this case comprising several gigabytes by federal express today. It anticipates providing further electronic discovery. The substances in the vials seized from Defendant's luggage has been tested; given the COVID-19 pandemic, there is no written report of the tests yet. There are pending discovery disputes, but

1

Defendant proposes that he reserve filing discovery motions until review of discovery is complete. Defendant requests 45 days to review discovery to determine whether to serve discovery requests; I allow that request. The court entered a protective order on March 16, 2020 and amended the protective order on Defendant's motion on April 7, 2020.

**Local Rule 116.5(b)(5)**

Defendant is directed to report at the further Interim Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(b)(6)**

I have allowed the parties' request that the government's expert disclosures, if any, be due twenty-one (21) days before trial, and that Defendant's expert disclosures, if any, be fourteen (14) days before trial.

**Local Rule 116.5(b)(7)**

Defendant does not anticipate raising defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from January 31, 2020 (the date of Defendant's arraignment), through April 13, 2020 (the date of the Interim Status Conference). The parties further agree that the period from April 13, 2020 through the further Interim Status Conference that I have set for June 12, 2020 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that ten (10) days, from the filing of the indictment to the arraignment, are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

There are no plea discussions.  Trial would require one week.

**Local Rule 116.5(b)(10)**

A further Interim Status Conference will take place in this case on Friday, June 12, 2020 at 10:00 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.  If the parties file a joint memorandum that addresses Local Rule 116.5(b) which obviates the need for the status conference, the Court will waive the status conference.  Counsel are invited to appear by telephone.  If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.  The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to Judge Casper.

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge