UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-10015-DJC |
| ZAOSONG ZHENG, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

### ORDER ON MOTION TO CONTINUE AND ORDER ON EXCLUDABLE TIME

June 12, 2020

Hennessy, M.J.

Defendant is charged in an indictment with one count of Smuggling Goods from the United States, in violation of 18 U.S.C. § 554; and one count of False Statements, in violation of 18 U.S.C. § 1001(a)(2). Defendant was arraigned on January 31, 2020. I scheduled a further interim status conference on June 12, 2020 in Worcester. However, prior to the conference, the parties filed a report, which I am treating as a motion to continue the Interim Status Conference, and a motion to exclude time, which I allow.

**Status**

Since the last status report in April, the United States has not completed providing discovery to Defendant. This discovery includes part of the content of seized electronic devices and laboratory tests of substances in the vials seized from Defendant's luggage. Defendant has been unable to review electronic discovery that has been produced and intends to hire an expert. The delay is attributable to restrictions caused by the Covid-19 pandemic. The parties request 60

days to complete the production and review of discovery. I allow the motion to continue. A further interim status conference will take place at 10:00 a.m. on August 12, 2020 in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(b) which obviates the need for the status conference, the Court will waive the status conference. Counsel are invited to appear by telephone. If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached. The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to Judge Casper.

**Order on Excludable Time**

I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Friday, June 12, 2020 (the original date of the further Interim Status Conference), through Wednesday, August 12, 2020 (the date of the further Interim Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2019), I find that the United States will need this period to continue to produce automatic discovery required under L.R. 116.1, and for Defendant to review automatic discovery and consider the need for discovery requests and pretrial motions. I further find that to not grant such a continuance would deny both

the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

        / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).