

**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 24, 2020

Norman Zalkind & David Duncan
Zalkind, Duncan & Bernstein LLP
65A Atlantic Avenue
Boston, MA  02110

    Re:    United States v. Zaosong Zheng
            Criminal No. 20-cr-10015-DJC

Dear Mr. Zalkind and Mr. Duncan:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Zaosong Zheng ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

No later than December 4, 2020, Defendant will plead guilty to Count Two of the Indictment, making false statements, in violation of 18 U.S.C. § 1001. Defendant admits that he committed the crime specified in this count and is in fact guilty of that crime. In exchange for Defendant's guilty plea to Count Two and acceptance of responsibility as described in Paragraph 3, the U.S. Attorney agrees, at the time of sentencing, to move to dismiss Count One of the Indictment, without prejudice.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

    3.    <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense

1

level" under the Guidelines is 4:

    a) Defendant's base offense level is 6 (USSG §2B1.1(a)(2));

    b) Defendant's offense level is decreased by 2 levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    4.    <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence to the Court:

    a) a period of incarceration of time-served;

    b) no fine because the Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release unless the defendant is deported and removed from the United States in which case his supervised release will be terminated;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) forfeiture as set forth in Paragraph 7.

    5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge a sentence of time served or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence to the extent set forth in subparagraph (b), above will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence to the extent set forth in subparagraph (b), above, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count One.

7. <u>Stipulated Order of Removal</u>

The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1227. Specifically, the defendant admits that he is a native and citizen of the People's Republic of China (PRC) and that he is removable from the United States pursuant to Title 8, United States Code, Section 1227.

A. <u>Voluntary Waiver of Rights</u>

After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for

in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in the PRC on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in the PRC.

The defendant hereby requests that an order be issued by this Court for his removal to the PRC. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, the defendant shall be removed to the PRC.

    B.    <u>Assistance in the Execution of Removal</u>

The defendant agrees to assist ICE in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach

this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

    B.    <u>Re-entry and Penalties</u>

The defendant concedes that the entry of this judicial order of removal renders him inadmissible to the United States for at least ten years. During that time agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

The Court's failure, for any reason, to enter the judicial order of removal, shall make this plea agreement, and the promises contained herein, null and void.

    8.    <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

    9.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

    10.    <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Benjamin Tolkoff.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: /s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN
Chief, National Security Unit
SCOTT L. GARLAND
Deputy Chief, National Security Unit

/s/ Ben Tolkoff
/s/ Jason Casey

BENJAMIN TOLKOFF
JASON CASEY
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

*Zaosong Zheng*
ZAOSONG ZHENG
Defendant

Date: 12/01/2020

I certify that Zaosong ZHENG has had this Plea Agreement read to him in his native language and that we have discussed what it means. I believe Mr. ZHENG understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

NORMAN ZALKIND
DAVID DUNCAN
Attorneys for Defendant

Date: 12/1/2020

8