UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| v. | ) Docket No. 20-10015-DJC |
| ZAOSONG ZHENG, | ) |
| Defendant. | ) |

DEFENDANT'S MEMORANDUM ON SENTENCING

Zaosong Zheng is being sentenced for a single count of making a false statement to a Customs and Border Patrol official at Logan Airport. He answered "no" when asked if he had biological materials in his suitcase. His guideline range for this is 0-6 months, and he was detained for 3 months before being released. The parties are jointly recommending a sentence of time served, that the Court enter the proposed Judicial Order of Removal and that Dr. Zheng, who has tickets to leave for China on the day of sentencing, be allowed, with or without escort by an ICE agent, as ICE decides, to board his flight and leave the country. Dr. Zheng is aware (and has signed a plea agreement setting out) that he will not be able to return to the United States for at least 10 years following his removal.

Dr. Zheng has not been convicted of any other offense. He was originally charged with smuggling, which was predicated on failure to package the biological materials in his luggage in accordance with federal regulations governing transportation of hazardous materials. The defendant filed a motion to dismiss this count of the indictment because the regulations in question do not cover "biological materials" not themselves hazardous and not containing any hazardous substance. In the case of the specific regulation alleged to have been violated in the indictment, the labeling requirements were for non-hazardous biological specimens containing

1

specified flammable hazardous substances. It was not alleged that the material in Dr. Zheng's luggage contained any of the listed hazardous substances, and indeed, as the government now confirms in its Sentencing Memorandum, they did not. Dr. Zheng was not convicted of the crime of smuggling and did not commit that crime.

The government, in detention proceedings, made much of the allegation that the biological materials in Dr. Zheng's suitcase were "stolen" from the lab he worked in. In its Sentencing Memorandum, the government now agrees that the materials have "little value" and are easily replicated – indeed they suggest that Dr. Zheng made them. He was never charged with theft of anything, and he denies that he had any purpose in taking this material with him other than to continue the research he was conducting as part of the Beth Israel/Deaconness lab he was employed by. His goal was to participate in the lab's research and publish, with his colleagues in that lab, the research he was working on with them in a U.S. journal. The research, not the biological materials used to conduct it, was what was important to Dr. Zheng, and that was in his head on December 9, 2019, not in his suitcase.

The sentence should be based only on the false statement guidelines and on the section 3553 factors, all of which support the parties' joint recommendation.  Time served falls in the middle of the guideline range. Dr. Zheng has no prior criminal history, either in this country or in China.  To the contrary, until he was charged in this case he was a stellar researcher with a promising future in basic biological research. He hopes to resume his career, but this case, and especially the uncharged and unproved aspects of it that have dominated press coverage, have put his career in jeopardy.

Dr. Zheng is 31 years old. He was the youngest of 4 children. His family was poor: his father raised farmed fish and his mother did not work. Dr. Zheng excelled in school and entered

medical school at Sun Yat-Sen University. He competed in table tennis as a student, winning first prize in two competitions and second prize in another competition. He also sang as part of a chorus which won first prize in a competition.

While he was studying for his medical degree, his father, with whom he was very close, died of cancer. Dr. Zheng took time off from school to help care for him and was inspired by his father's illness to do cancer research. He received his medical degree from Sun Yat-Sen University in China and became a doctor in 2017. He continued work on his Ph.D. In August, 2018, as part of his Ph.D. studies, he came to the lab of Dr. Wenyi Wei at Beth Israel/Deaconness Medical Center. His appointment was to end in August, 2020. Before coming to the U.S. Dr. Zheng had been a co-author on 9 publications in peer-reviewed journals, all basic cell-level research focused on cancer. On 6 of these he was co-first author. At the time of his arrest, Dr. Zheng was listed as a co-first author on two papers from the Wenyi Wei lab that have been submitted to *Science* for review.

Dr. Zheng is married to Wenjie Zhu.  She is also a doctor and received her Ph.D. from Sun Yat-Sen University in 2020. She is currently working as a postdoctoral researcher at NIH in Maryland. Dr. Zheng was allowed to move to Maryland in October and has lived with his wife since then. She has an appointment that runs through September 2021, after which she will return to China.

Dr. Zheng has had his career interrupted at a critical juncture and has lost a prestigious position that was intended to further his career. He has spent 3 months in jail followed by over 7 months of house arrest. He hopes, but cannot be sure, that on his return to China he will be able to resume work towards his Ph.D. and have a career in medical research as well as medicine.  He remains dedicated to basic cancer research.

In light of both the guidelines and the factors set forth in 18 U.S.C. § 3553, and in light of the severe consequences this case has had for Dr. Zheng's career, a sentence of time served is more than adequate to satisfy the purposes set out in section 3553.

Respectfully submitted,
By his attorneys,

/s/ Norman S. Zalkind
/s/ David Duncan
Norman S. Zalkind (BBO #538880)
David Duncan (BBO #546121)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
dduncan@zalkindlaw.com

Dated: January 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on this date.

/s/ David Duncan